[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO SET ASIDE VERDICT
This case was tried to conclusion before a jury and on July 24, 1998 there was a plaintiff's verdict in the amount of $22,792.65. There was also a plaintiff's verdict on the defendant's counterclaim. CT Page 10298
The defendant, on July 24, 1998 (amended on July 27, 1998) filed a motion to set aside the verdict on the grounds that it is contrary to law and to the evidence, and is excessive. The court finds the verdict is not contrary to law, and that the issues raised in the motion may properly be raised on appeal. This court further finds the verdict was not excessive, but rather was sufficiently substantiated by the evidence presented.
With respect to the defendant's claim of his collapse during the trial as a reason to set aside the verdict, the court notes the following: the trial was suspended until two days following counsel's collapse in the courtroom; upon his return no motion for a continuance or mistrial was made; the court carefully inquired of counsel as to his physical well-being[1] counsel produced a note from the doctor attesting to his ability to return to court, which note was placed in the court file; counsel advised the court that he was better and wished to continue with the trial; after the judgment against her, at a hearing on this motion, the defendant suggested for the first time that her counsel's performance became substandard after his return to the courtroom; upon questioning by the court counsel stated he did not think his performance was substandard, but that his client told him he was "wan," "pale," and "repetitive".
The court, observing defendant's counsel throughout the trial of several days, is satisfied that his level of performance after he was stricken did not deteriorate.
The motion to set aside the verdict is denied.
D'ANDREA, J.